Juarez v. Saul

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of April, two thousand twenty.

Present:      DENNIS JACOBS,
              ROSEMARY S. POOLER,
              SUSAN L. CARNEY,
                        *Circuit Judges*.

_____

WALTER H. RUANO JUAREZ, SR., on behalf of R.R.O., a minor,

                  *Plaintiff-Appellant*,

          v.

                                                      19-2062-cv

ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,

                  *Defendant-Appellee*.

_____

Appearing for Appellant:      James M. Baker, New York, N.Y.

Appearing for Appellee:       Elizabeth J. Kim, Assistant United States Attorney (Christopher Connolly, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Smith, *M.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Walter H. Ruano Juarez, Sr. appeals from the May 17, 2019 judgment of the United States District Court for the Southern District of New York (Smith, *M.J.*) granting the motion filed for judgment on the pleadings by the Commissioner of Social Security that affirmed the Commissioner final decision that Juarez's daughter, R.R.O., was not entitled to Supplemental Security Income benefits based on childhood disability. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

SSI is meant "[t]o assist those who cannot work because of age, blindness, or disability," by "set[ting] a Federal guaranteed minimum income" for those citizens. *Schweiker v. Wilson*, 450 U.S. 221, 223 (1981) (internal quotation marks omitted). A child under 19 is considered disabled "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted and can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).

In reviewing the Commissioner's denial of benefits, the courts are to uphold the decision unless it is not supported by substantial evidence or is based on an error of law. *See Balsmao v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998). "We conduct a plenary review of the administrative record, and our focus is on the administrative ruling more than on the district court's decision." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). The reviewing court is not charged with deciding de novo whether the claimant was disabled, rather, "[i]f there is substantial evidence to support the determination, it must be upheld." *Id*. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardons v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "Even where the administrative record may also adequately support contrary findings on particular issues, the ALJ's factual findings must be given conclusive effect so long as they are supported by substantial evidence." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010).

The agency opinion was thin in the reasoning presented: the administrative law judge ("ALJ") offered little in it to explain his assessment of the relevant evidence. Nevertheless, applying that standard here, we agree with the district court that adequate evidence exists in the record to support the ALJ's determination. Juarez argues that in the domains of acquiring and using information and interacting and relating to others, R.R.O.'s scores on the "Core Language," "Receptive Language," and "Expressive Language" portions of the Clinical Evaluation of Language Fundamentals, Fourth Edition ("CELF-4"), which were two standard deviations below the mean, establish as a matter of law that R.R.O. suffered a marked limitation. However, as the district court noted, the Social Security regulations rely not just on test scores, but also require the Commissioner to take into account whether a claimant's "day-to-day functioning in domain-related activities is consistent with th[ose] score[s]." 20 C.F.R.§ 416.926a(e)(2)(iii); *see also* 20 C.F.R. § 416.926a(e)(4) ("[W]e will not rely on any test score alone. No single piece of information taken in isolation can establish whether you have a 'marked' or 'extreme' limitation in a domain."). Thus, while R.R.O's CELF-4 scores were low and her cognitive functioning was assessed at the borderline range on the Wechsler Individual Scale for Children-Fourth Edition ("WISC-IV"), a May 2014 Psychoeducational Report explained that she "scored within age expectations in task measuring" other language abilities, including "vocabulary skills and knowledge learned in school and through experience," and her

WISC-IV "subtest scale scores suggest higher potential for learning due to marked scattered [sic] among the subtests." App'x at 309, 317. That same report noted that her "Processing Speed" and "Perceptual Reasoning" skills demonstrated "ample strength and more potential for learning" than her IQ score suggested. App'x at 309. In addition, as the ALJ reported, R.R.O.'s June 2015 IEP report, done when she was in second grade, stated she was reading at mid-first grade level, but that her troubles appeared to stem from her inability to focus. **[AR 88]** The examiner who conducted R.R.O.'s October 2015 psychiatric evaluation also observed that her cognitive issues "did not appear to be significant enough to interfere with the claimant's ability to function on a daily basis." App'x at 361-62.

We have considered the remainder of Juarez's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk